

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Mr. Ford:

Opinion No. O-3731
Re: Matter of determining the
Chairmanship of the Texas
Liquor Control Board.

We beg to acknowledge receipt of your letter
of June 23, 1941, as follows, to-wit:

"On April 11, 1938, Honorable E. W. Crouch,
of McGregor, was appointed a member of the Texas
Liquor Control Board for the term of Honorable
Pat Dougherty, resigned, which expires November
15, 1943. Said term of expiration was written
into said Commission.

"On April 11, 1938, the said E. W. Crouch
was also appointed Chairman of the Texas Liquor
Control Board, with no designation in the Com-
mission as to the length of time that he was to
serve as Chairman of said Board.

"On November 16, 1939, Dr. W. D. Bradfield,
of Dallas, was given a recess appointment as
Chairman Member of the Texas Liquor Control
Board and served as such until rejected by the
Senate on April 24, 1941.

"On June 11, 1941, Honorable W. Lee O'Daniel,
Governor of Texas, addressed the following mes-
sage to the Senate of the 47th Legislature:

"'TO THE SENATE OF THE FORTY-SEVENTH LEGIS-
LATURE:

I ask the advice, consent and con-
firmation of the Senate to the following
appointment:

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

TO BE A MEMBER OF THE LIQUOR CONTROL
BOARD for the unexpired term ending
November 15th 1945:

W. J. Townsend of Lufkin, Angelina County.

Respectfully submitted

W. Lee O'Daniel
Governor of Texas'

"Senator W. J. Townsend was appointed for
the unexpired term of Dr. W. D. Bradfield. Sec-
tion 5, Article 1, Page 6, of the Texas Liquor
Control Act deals with the appointment of Board
members and the appointment of the Chairman for
said Board under said Liquor Control Act.

"Under the above statement of facts, the
Texas Liquor Control Board has unanimously re-
quested that I secure your valued opinion as
to who is now actually Chairman of said Board."

Section 5 of the Texas Liquor Control Act so far
as pertinent is as follows:

"There is hereby created a board named the
Texas Liquor Control Board, consisting of three
(3) persons, all of whom shall be appointed by
the Governor, by and with the advice and consent
of the Senate, and one of whom shall be designated
by the Governor to the chairman of the said Board,
* * *

"Of the members initially appointed each
shall hold office from the date of his appoint-
ment for the following respective terms, and
until their respective successors shall qualify:
One member for two (2) years, one for four (4),
years, and one for six (6) years from the ef-
fective date of the Act. Each member may be
initially appointed on or subsequent to the date
this Act goes into effect. The Governor at the
time of making and announcing the appointment
of said three (3) members, as well as in the
commission issued by him to each of them, shall
designate which of said members shall serve for
each of the said respective terms, and also which

shall be the chairman of the Board."

From your statement it appears that on November 16, 1939, Dr. W. D. Bradfield of Dallas was given a recess appointment and named as chairman member of the Texas Liquor Control Board, and served as such until his rejection by the Senate on April 24, 1941. It further appears that in the nomination of Senator W. J. Townsend of Lufkin as a member, the Governor made no designation of chairman of the Board.

Upon the rejection of Dr. Bradfield, the then chairman of the Board, and his consequent legal retirement as a member of the Board, there remained no legally designated chairman.

It is the opinion of this department that the above-quoted statute contemplates that the selection of the chairman of the Board is to be made by the Governor, and though it was contemplated, but not required, that such designation should be made in the nomination of the member chosen to be chairman, it is our opinion the power and right of the Governor to make such designation abides with him and is not lost by his failure to this time, to make such designation. The administration of the law would be frustrated under any other rule. The course contemplated by the law is of necessity that there should at all times be such chairman, and no method whatsoever is prescribed for the selection of a chairman except by the designation of the Governor.

So that, you are respectfully advised that the Board should call the Governor's attention to the oversight and request that he designate a chairman. This designation should be evidenced by the issuance of a commission reciting that there had been no previous designation of a chairman, and that the designee is now a duly appointed, qualified and acting member of the Board.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS:LK

APPROVED JUN 26, 1941

Glenn R. Lewis

acting ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN